UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ORLANDO BRAVO,

                    Petitioner,              03 Civ. 4831 (PKC)

     -against-

                                 ORDER ADOPTING REPORT
                                 <u>AND RECOMMENDATION</u>
DAVID L. MILLER,

                    Respondent.
-------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Petitioner Orlando Bravo objects to a Report and Recommendation ("R&R") of

Magistrate Judge Eaton dated December 28, 2004, which recommended denying Bravo's peti-

tion for a writ of habeas corpus. The facts and background of this case are set forth in detail in

Magistrate Judge Eaton's R&R. In brief, petitioner was charged with multiple counts of Rob-

bery and other crimes resulting from a push-in robbery that followed conversations between peti-

tioner, an accomplice and the victim, Ms. Polly Betancourt, on a Bronx street corner on the af-

ternoon of April 23, 1998. During the initial conversations and subsequent robbery, the victim

had extensive opportunities to observe petitioner and his accomplice. During the police investi-

gation that followed, the victim identified petitioner in a pretrial photo array consisting of hun-

dreds of photographs, and subsequently in a police lineup. The victim also provided testimony

concerning her assailants' appearances at trial, and identified petitioner in the courtroom as one

of the men involved in the robbery.

        Following a non-jury trial, on December 15, 1999, Justice Patricia Anne Williams

found Bravo guilty of Robbery in the First Degree and related crimes. Bravo was later sentenced

as a Second Felony Offender to concurrent terms ranging from two to four years (on the count of

Grand Larceny in the Third Degree) to fifteen years (on Robbery in the First Degree and related counts). Petitioner pursued his appellate rights in the state courts.

On May 16, 2003, Bravo, proceeding pro se, filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Bravo raised two grounds for relief: (1) that the lineup was unduly suggestive, and (2) that the prosecution failed to disclose allegedly favorable evidence, that is, a report allegedly noting the absence of fingerprints found at the crime scene. In his petition, Bravo also annexed a page entitled "issues raised," which included an additional four points. In their opposition to the petition, the state addressed only the two points explicitly raised in Bravo's petition.

On December 28, 2004, Magistrate Judge Eaton filed a 15-page report consider-ing all six points arguably raised by petitioner and recommending that Bravo's petition be denied in its entirety. The Magistrate Judge's Report and Recommendation ("R& R") concluded by ad-vising the parties that they had ten days from service of the R & R to file any objections. This Court subsequently granted extensions of this deadline to petitioner. On or about February 8, 2005, petitioner filed objections to the R&R, objecting only to that portion of the R&R finding that the contested lineup was not unduly suggestive and denying petitioner's request for an evi-dentiary hearing on the issue. In view of petitioner's timely objections, the Court reviews those portions of the R & R to which petitioner objects on a de novo basis. 28 U.S.C. § 636(b). Rule 72(b), Fed. R. Civ. P.

Having reviewed the petition and the underlying record, including the transcripts of the suppression hearing and bench trial held before Justice Williams, de novo, I adopt Magis-trate Judge Eaton's R&R and deny the petition for writ of habeas corpus. Petitioner has not demonstrated any reason why the state court rulings with respect to the lineup were contrary to,

or involved an unreasonable application of, federal law. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may disturb a state court adjudication only if it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is contrary to clearly established federal law if it "contradicts the governing law" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An unreasonable application of federal law is more than an incorrect application, but the petitioner need not show that all reasonable jurists would agree that a state court determination is incorrect in order for it to be unreasonable. Id. at 409-12. Instead, a federal court should review a state court's interpretation of federal law using a standard of objective reasonableness. Id. at 409. The "increment of incorrectness beyond error . . . need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir.2000) (internal quotation marks and citation omitted). "We must presume the state court's factual findings to be correct and may overturn those findings only if petitioner offers, clear and convincing evidence of their incorrectness." Yung v. Walker, 341 F.3d 104, 109 (2d Cir. 2003) (citing 28 U.S.C. § 2254(e)).

Magistrate Judge Eaton examined the factors to be considered in assessing whether a lineup is impermissibly suggestive—including, notably, the witness's opportunity to view the perpetrator at the time of the crime. The facts do not support a finding that the lineup at issue was unduly suggestive. See R&R at 9-10, citing Neil v. Biggars, 409 U.S. 188 (1972) and Manson v. Braithwaite, 432 U.S. 98, 114 (1977). See also Dunnigan v. Keane, 137 F.3d 117,

128-29 (2d Cir.) (citations omitted), <u>cert</u>. <u>denied</u>, 525 U.S. 840 (1998).  The evidence presented to the trial court, including the testimony of the victim, corresponding police reports and testimony from the detectives responsible for the case, provided a sufficient factual predicate for the trial court's conclusion, affirmed on appeal, that the lineup was not unduly suggestive, and that there was an independently reliable basis for the identification.  In particular, given the victim's opportunity in this case to observe (and indeed, converse with) petitioner and his accomplice up close, in broad daylight, and for an extended period, the state court's ruling that the identification was independently reliable was not contrary to federal law and involved no due process violation.  As the trial court noted, the line up identification "was not in this particular case of any true moment.  Ms. Betancourt's ability to observe and recognize the perpetrators was amply established by the length of time she spent on the street in broad daylight, but the length of time that was spent in her apartment under close observation, and by the photographic array from which she had picked the defendant's photograph."  Tr. 290.  Nor has petitioner demonstrated that the state court's finding that the loss of the lineup photograph (a copy of which petitioner in any event submitted to the Court with his petition for habeas review) gave rise to a presumption of suggestiveness is contrary to federal law.

I adopt the Magistrate Judge's conclusion that there was no evidentiary or other ruling that was contrary to federal law.  Nor was any ruling "so extremely unfair that . . . [it] violates fundamental conceptions of justice."  <u>Dunnigan</u>, 137 F.3d at 125.  The admission of "unfairly prejudicial evidence" violates the due process right to a fair trial only when it is "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it."  <u>Dunnigan</u>, 137 F.3d at 125 (quoting <u>Johnson v. Ross</u>, 955 F.2d 178, 181 (2d Cir.1992)).

Having reviewed the petition, the submissions in support and in opposition, the state court trial transcript and petitioner's Objections, I find Magistrate Judge Eaton's R&R to be well reasoned and thoroughly grounded in law.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253; Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917 (1962).

The Report and Recommendation is adopted in its entirety, and the petition is dismissed.  The Clerk is directed to enter judgment accordingly.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:   New York, New York
         May 4, 2005

Having reviewed the petition, the submissions in support and in opposition, the state court trial transcript and petitioner's Objections, I find Magistrate Judge Eaton's R&R to be well reasoned and thoroughly grounded in law.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917 (1962).

The Report and Recommendation is adopted in its entirety, and the petition is dismissed. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 4, 2005